IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRELL R. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-059 |
| | ) | (Formerly CR 112-129) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Federal Correctional Institution in Lisbon, Ohio, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration, and that this civil action be **CLOSED**.

**I.   BACKGROUND**

On April 3, 2012, the grand jury in the Southern District of Georgia charged Petitioner, along with two co-defendants, with four counts of robbery of a commercial business, one count of conspiracy to commit robbery of a commercial business, one count of conspiracy to use and carry a firearm during crimes of violence, four counts of using, carrying, and brandishing a firearm during a crime of violence, and four counts of a felon in possession of a firearm. United States v. Cross, CR 112-129, doc. no. 1 (S.D. Ga. April 3,

2012) (hereinafter "CR 112-129").  Represented by retained counsel, James Pete Theodocion, Petitioner pled guilty on September 21, 2012, to one count of conspiracy to commit robbery of a commercial business, one count of robbery of a commercial business, and one count of using, carrying, and brandishing a firearm during a crime of violence, pursuant to a negotiated plea agreement containing a limited appeal and collateral attack waiver provision.  Id., doc. no. 79.

On April 19, 2013, Chief United States District Judge J. Randall Hall sentenced Petitioner to 184 months imprisonment, $300.00 in special assessments, restitution of $1,295.00, and five years of supervised release.  Id., doc. no. 99.  Judgment entered that same day.  Id., doc. no. 100.  Petitioner did not file a direct appeal.  Petitioner filed his first § 2255 motion in this Court on June 30, 2014.  See Johnson v. United States, CV 114-148, doc. no. 1 (S.D. Ga. Jun. 30, 2014).  Petitioner asserted (1) his sentence was improperly enhanced for a prior conviction under 18 U.S.C. § 924(c);  (2) he was actually innocent of the charge of carrying, using, and brandishing a firm arm during a crime of violence; and (3) he was actually innocent of violating § 924(c) because the police did not have a valid search warrant. Id.  On August 28, 2014, the undersigned recommended Petitioner's § 2255 motion be dismissed as untimely.  Id., doc. no. 3.  On September 24, 2014, the Court adopted the R&R as its opinion and dismissed Petitioner's § 2255 motion.  Id., doc. nos. 5, 6.

Petitioner filed the current § 2255 motion on April 27, 2020, asserting his conviction under 18 U.S.C. § 924 (c) is unconstitutionally vague based on United States v. Davis, 139 S. Ct. 2319 (2019).  Petitioner attached a memorandum of law in support of his claim and a brief, arguing why he should be granted leave to file a second or successive § 2255 motion.

(Doc. nos. 1-1, 1-2.) Petitioner does not report seeking permission from the Eleventh Circuit Court of Appeals to file his numerically second § 2255 motion as to his current claim.

## II. DISCUSSION

The § 2255 motion presently cannot be considered because of the successive motion restrictions enacted by AEDPA and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2). Section 2244, in turn, provides that prior to filing a successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding the petitioner's numerically second motion was *not* second or successive because the claim asserted therein, improper sentencing as a career offender, was not yet ripe at the time of his first motion because the predicate state convictions had not yet been vacated. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small

subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863. The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007). Id. at 862.

Leal Garcia explained that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." Leal Garcia, 573 F.3d at 221 (emphasis in original). Indeed, AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts." Id. at 221-22. Likewise, "claims based on a *factual* predicate not previously discoverable are successive," but if the alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, *e.g.*, an order vacating a federal prisoner's predicate state convictions used to enhance the federal sentence, a claim may be part of a small subset of claims not considered second or successive. Stewart, 646 F.3d at 863 (citing Leal Garcia, 573 F.3d at 221, 222); see also Amodeo v. United States, 743 F. App'x 381, 384 (11th Cir. 2018) (*per curiam*) (applying Stewart).

Here, Petitioner has previously filed a § 2255 motion that was dismissed as untimely. See CV 114-148, doc. nos. 3, 9.[1] No intervening *factual* defect has come into existence and caused Petitioner's claim to ripen in the time between Petitioner's first motion and the instant motion. See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014). Petitioner's sole claim revolves around a new constitutional law announced by the United States Supreme

---

[1] A court may take judicial notice of its own records. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

4

Court in <u>Davis</u>, and therefore, Petitioner's request is properly classified as "second or successive" in the sense contemplated by § 2255.  <u>Leal Garcia</u>, 573 F.3d at 221

Because Petitioner has not yet received authorization from the Eleventh Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider Petitioner's claim.  See <u>Hill v. Hopper</u>, 112 F.3d 1088, 1089 (11th Cir. 1997) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

### III. CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of April, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA