FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 JUN -2 PM 3:23

CLERK J. Hacke
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TERRELL R. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 120-059 |
| ) | (Formerly CR 112-129) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. In lieu of objections, Petitioner filed a motion to supplement, wherein he wishes to include additional case law in support of his only claim based on United States v. Davis, 139 S.Ct. 2319 (2019). (Doc. no. 4.) The Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4).

Similarly, Rule 12 of the Rules Governing § 2255 Proceedings provides that "[t]he Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Furthermore, both the Supreme Court and the Eleventh Circuit have held Federal Rule of Civil Procedure 15 applicable to requests to amend § 2255 motions. See Mayle v. Felix, 545

U.S. 644, 654 (2005) (citing 28 U.S.C. § 2242); Pruitt v. United States, 274 F.3d 1315, 1317-19 (11th Cir. 2001). Because no responsive pleading has been served, Petitioner may amend his § 2255 motion once as a matter of course. Fed. R. Civ. P. 15(a). Accordingly, the Court **GRANTS** Petitioner's motion and considers his original pleading and supplement together. (Doc. no. 4.)

However, the arguments in Petitioner's supplement concerning his Davis claim do not change the analysis because, as the Magistrate Judge explained, Petitioner's motion filed pursuant to 28 U.S.C. § 2255 is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration. (See doc. no. 2.) Accordingly, the Court **GRANTS** Petitioner's motion to supplement, (doc. no. 4), **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion, and **DISMISSES** the § 2255 motion on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has

failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 2nd day of June, 2020, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3